We find no error, and the judgment and order denying the motion for a new trial should be affirmed, with costs.

PRATT and CULLEN, JJ., concurred.

Judgment and order denying motion for new trial affirmed, with costs.

---

JULIA V. D. THOMSON, Appellant, *v.* THE MANHATTAN RAILWAY COMPANY, Respondent.

*Common carrier — when liable to one passenger for injuries caused by another.*

In an action brought to recover damages resulting from personal injuries alleged to have been caused by two persons stepping on the plaintiff's foot while she was a passenger on defendant's railway, and while she was disembarking from defendant's cars, it was proved that while the plaintiff was riding in one of defendant's cars a man standing in front of her, who was also a passenger, and was slightly intoxicated, stepped upon her foot. He was able to keep his feet and was not disorderly, although the attention of the defendant's guard had been called to him. It was also shown that at a time some three years later the plaintiff, while leaving one of defendant's cars, and while on the platform was again injured by a passenger about to enter the car stepping on the same foot. There was no evidence to show that either injury was caused intentionally, nor that in either instance the person causing the injury was so disorderly as to be dangerous, or to interfere with the comfort or safety of, or to annoy the defendant's other passengers.

*Held*, that a man in a state of inebriety has a legal right to ride in a public conveyance so long as he remains quiet, and that he cannot be legally expelled until he becomes dangerous or annoying to his fellow-passengers;

That a common carrier is not an insurer of its passengers, and is not liable for the wrongful acts of a passenger, except upon its failure to discharge the duty imposed upon it of the utmost vigilance in maintaining order and guarding passengers against violence;

That the defendant could only be held liable for a neglect of duty by its agent, where the latter was, or in the discharge of his duties should have been, cognizant of the circumstances requiring him to act.

APPEAL by the plaintiff, Julia V. D. Thomson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 30th day of March, 1893, dismissing the complaint.

*Charles J. Patterson*, for the appellant.

*Davies, Short & Townsend*, for the respondent.

DYKMAN, J.:

This suit was for the recovery of damages for injuries to the plaintiff's foot.

The complaint contains two counts for injuries to the same foot. The first injury was by being trodden upon by a passenger who was standing in the same car where the plaintiff was seated, about the 1st of June, 1888.

The plaintiff entered the car at the City Hall station, and after it started she noticed a man in a state of intoxication standing in the aisle holding on to a strap nearly in front of her.

After the man had been in that position some time he lurched and stepped on the plaintiff's foot. He was holding on to the strap and lurching at every turn. Some ladies appeared to be frightened but neither they nor the plaintiff made any special manifestation of their fear. A passenger called the attention of the guard to the intoxicated man, and suggested that he be put off or found a seat, and made some other suggestions, but the man was not removed. He addressed no one, threatened no one, and was neither obscene nor profane so far as we can gather from the record.

In relation to the second cause of action the facts are these: The same foot of the plaintiff was stepped on about three years afterwards, on the platform of the defendant's station at the City Hall in New York city, as she left the defendant's car. She was returning home and reached the station about six o'clock in the evening, when the station platform was unusually crowded. When the train came to a stop the guard on the car platform opened the car gate and cried out, "Let them off first," and then left the car. The plaintiff landed safely and had advanced a few steps on the platform, pushing her way through the crowd, when another person stepped on the same foot and inflicted the second injury.

At the trial, when the plaintiff rested her case, the trial judge dismissed the complaint on motion of the defendant, and the plaintiff excepted to such dismission.

The question, therefore, is whether the testimony introduced on the part of the plaintiff was sufficient to carry the cause to the jury.

Carriers of passengers are not insurers of their personal safety against all contingencies. They are responsible only for want of care or skill.

As, therefore, they are liable for failure to exert such care and skill they are bound to take all reasonable means and measures to secure the safety and comfort of their passengers.

In the exercise of that power they have the right to repress disorderly conduct in their vehicles, and to expel therefrom persons whose conduct is such as to render it reasonably certain that disturbance or impropriety will follow. ( *Vinton* v. *Middlesex R. R. Co.*, 11 Allen, 304.)

There is no legal principle which imposes liability upon a carrier of passengers for the wrongful acts of a passenger, but because such carriers have the right to refuse passage to one who is drunk or disorderly, and to expel him after he has been received, if he so conducts himself as to be dangerous to other passengers or interfere with their comfort, and it is their duty to expel persons who imperil the safety or annoy their fellow-passengers, they may become responsible for injuries inflicted or resulting as a consequence of such negligence.

Yet, it must be borne in mind that all passengers have the same legal rights of which they cannot be deprived until they are forfeited by misconduct.

A man in a state of inebriety has a legal right to ride in a public conveyance; and so long as he remains quiet and molests no one he cannot be legally expelled. It is only when he becomes dangerous or annoying to other passengers that he becomes liable to expulsion.

The question was fully examined in the Court of Appeals in our State in the case of *Putnam* v. *The Broadway, etc., R. R. Co.* (55 N. Y. 114), and the principles there laid down were these: A railroad company is not liable for the wrongful acts of a passenger, but it is bound to exercise the utmost vigilance in maintaining order and guarding its passengers against violence.

It has authority to refuse to receive as a passenger, or to expel one who so demeans himself as to endanger the safety or interfere with the reasonable comfort and convenience of other passengers, and this police power the conductor or other servant in charge of the car or train is bound to exercise, with all the means at his command, when occasion requires. If this duty is neglected, and in consequence a passenger receives injury which might have been reasonably anticipated, the company is liable.

The fact that an individual has drunk to excess will not, in every case, warrant his expulsion ; it is rather the effect on him, and the fact that, by reason of his intoxication, he is dangerous or annoying to others, which gives the right and imposes the duty of expulsion.

The conductor is only called upon to act upon improprieties or offenses witnessed by or made known to him, and the company can only be charged for the neglect of some duty arising from circumstances of which the conductor was cognizant, or of which in the discharge of his duties he ought to have been cognizant.

That was the celebrated car hook-murder case, when Foster killed Putnam with a car hook. Both were passengers on a surface car. Foster was tried for the crime and convicted of murder and executed.

Thereafter the administratrix of Putnam brought civil suit against the railroad company for the recovery of damages resulting from his death, which she claimed was the result of the negligence of the company. The Court of Appeals held the facts even in that case insufficient to charge the railroad company with negligence, and the misconduct of Foster in that case was much more disorderly and annoying than that of the man who inflicted the injury upon the plaintiff.

Foster made himself obnoxious to the other passengers, insulted a lady and made threats of personal violence against Mr. Putnam.

This man did nothing of that kind; he was in a state of inebriation, but not very profound, as we assume from the fact that he kept his feet, and as we must assume from the testimony of the plaintiff, walked into and out of the car ; his inebriety made him neither belligerent nor loquacious.

There is no claim that his injury to the plaintiff was intentional, and we detect no misconduct on his part which would have justified his expulsion from the car.

We also find the evidence entirely insufficient to charge the guard with any neglect of a duty which the law imposed upon him. It is true that his attention was called to the man, but he neither saw nor received information of any impropriety, nor anything to indicate a disturbance. It follows that we find no cause of action under the first count.

Under the second count there is no reason for an extended examination. The railroad company was bound to furnish a safe and con-

venient place of exit from its car, and it did so. The station platform was in order, and adequate for the strain to which it was subjected. The plaintiff left the car in a crowd of people and took one or two steps upon the platform, when some person trod upon her foot. There was no sign of approaching danger, and it could not have been averted. The guard directed the people to allow the passengers to leave the car first, but his request was unheeded, and he was powerless. He saw nothing to indicate danger to the plaintiff, and her injury was an accident which no ordinary diligence would prevent, and for which the company cannot be made liable.

It thus appears that the plaintiff had no cause of action against the defendant, and the judgment should be affirmed, with costs.

CULLEN and PRATT, JJ., concurred.

Judgment affirmed, with costs.