Violet Giovagnoni, Appellant, *v.* Thomas E. Murray, Jr., as Receiver of Interborough Rapid Transit Company, Respondent.

Per Curiam. Appellant's contention that the charge of the court was highly objectionable and erroneous is well founded. However, upon all the evidence we find that appellant failed to make out a *prima facie* case. As appellant would not be entitled to prevail in any event, the judgment in favor of respondent should be affirmed, with costs. (*Gotham Construction Corp.* v. *City of New York*, 233 App. Div. 699; *Wood* v. *Wyeth*, 106 id. 21, 24.)

Martin, P. J., Townley, Cohn and Callahan, JJ., concur; O'Malley, J., dissents and votes to reverse and grant a new trial.

O'Malley, J. (dissenting). Plaintiff's evidence was to the effect that she twice complained to one of defendant's agents about two suspicious looking and acting characters on the platform and that on each occasion she was assured by him that she had no cause for worry. This in connection with the other evidence was sufficient in my opinion to justify submission of the case to the jury on the question whether under the particular circumstances the defendant through its agent had exercised reasonable care. It was after midnight and plaintiff had to go through an underpass in order to board her train. It was in this underpass that she was assaulted and robbed by one of the characters about whom she had complained.

That assistance was readily available without the necessity for the defendant's agent to leave his booth, is evidenced by the fact that upon subsequent call from telephones in the booths of defendant's agents, not only municipal police but a special policeman of defendant quickly appeared upon the scene. Defendant's agent to whom complaints were allegedly made could have easily summoned by the telephone in his booth the special policeman of defendant at least.

The charge unquestionably was inflammatory and prejudicial, assuming, without conceding, that there were no other prejudicial errors. I, accordingly, dissent and vote to reverse the judgment appealed from and to grant a new trial, with costs to plaintiff to abide the event.

Judgment affirmed, with costs.