**James McClean, Plaintiff-Appellant, v. Chicago Great Western Railway Company, Defendant-Appellee.**

### Gen. No. 46,257.

Opinion filed July 2, 1954. Rehearing denied July 30, 1954. Released for publication September 14, 1954.

WILLIAM H. DEPARCQ, and ROBERT J. MARTINEAU, both of Chicago, for appellant.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee; DAVID JACKER, JOHN M. O'CONNOR, JR., MAX E. WILDMAN, and EDWARD G. PROCTOR, all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action based on the alleged negligence of defendant's servant. Special and general verdicts and judgment were for defendant. Plaintiff has appealed and defendant has assigned cross-error.

Plaintiff was injured on August 13, 1949, about 7:00 p. m., when defendant's truck, in which plaintiff was a passenger, overturned on U. S. Highway 71 near Sa-

vannah, Missouri. The truck was being driven by Victor Coble, who was killed instantly. Both men were residents of Iowa, and employees of defendant engaged in work north of Savannah. Coble was driving to Savannah, where he had decided to spend the week end. Plaintiff had met Coble after work at about 5:00 p. m. at Conception Junction, about 26 miles north of Savannah, and with Keun, another employee, had dinner with Coble. Later another employee, Subbert, joined them. Coble was to drive the other three to Savannah where they would board a bus enroute to St. Joseph, Missouri, their destination for a union meeting the next day. Plaintiff had been given a railroad pass to St. Joseph and used it on the return trip.

The issues made by the pleadings were whether (a) Coble, at the time, was or was not within the scope of his employment; and (b) whether plaintiff's injuries were suffered in a "mere accident." The jury in special verdicts found that Coble was not "acting within the course and scope of his employment" and that the "occurrence" was a "mere accident which happened without the negligence of anyone."

Plaintiff contends the trial court committed reversible error in instructing the jury and in submitting a special interrogatory; in refusing to instruct that Coble was acting within the scope of his employment as a matter of law; and in failing to grant a new trial for "prejudicial misconduct" of defendant's attorney. Defendant assigns as cross-error the refusal of the court to direct a verdict for defendant at the close of all the evidence.

 We think that the giving of four peremptory instructions in the twenty-two instructions for defendant was not itself prejudicial error. In *Chism v. Decatur Newspapers, Inc.*, 340 Ill. App. 42, six of twenty-one defendant instructions were peremptory, but this was but one of several factors in concluding the in-

239

structions were prejudicially erroneous. The court there stated that the jury should be told only once about each proposition of law. Each of defendant's four peremptory instructions in the instant case contained a separate proposition of law and we think did not unduly repeat the term "not guilty."

The court gave the following instruction for defendant:

"If you believe from the evidence under the instructions of the Court, that the rate of speed at which defendant's automobile was being operated at the time and place of the accident was under the circumstances in evidence of the case not inconsistent with the exercise of ordinary care on the part of defendant, then no negligence can be chargeable to the defendant, in the operation of the automobile on the ground of the speed at which it was running.

Moreover, you cannot find the defendant guilty in regard to the speed at which the automobile was being operated, unless you find from the preponderance of the evidence, under the instructions of the Court, that the speed at which said automobile was being operated, was a proximate cause of the accident in question."

That instruction is misleading because it emphasizes the factor of negligent speed to the virtual exclusion of other negligence factors provable under the general negligence charge. *West Chicago St. Ry. Co. v. Petters*, 196 Ill. 298. The attempted qualifications of this emphasis are not clear enough to offset the vice. The instruction might lead the jury to find defendant not guilty if they decided Coble's speed was not negligent, even though they considered his conduct at the time otherwise negligent. The defendant's instructions indicate that speed was not the only negligence factor in the case, since they speak of the requirements of care in "sudden emergency" and of Act

240

of God. The inference from them is that there was some question in the case of Coble's conduct in driving off the road and on again and of his reaching to the floor while driving. The instruction under consideration was peremptory and was erroneously given.

■■ We think too that the instruction on sudden emergency is erroneous. There was no testimony of any "sudden emergency" arising from "imminent peril" because of the approach of a police car from the opposite direction on the highway. There was no testimony received in evidence and in the record of any peril from the police car nor testimony justifying an inference of peril. The police car was "about a half mile" away and was on the proper side of the road. It is error to give an instruction not based on evidence. *Magill v. George,* 347 Ill. App. 6.

It is our opinion also that the court erred in giving the jury the interrogatory whether Coble, at the time of the occurrence, was acting within the scope of his employment.

The testimony was not controverted that Coble, in his employment, was subject to call for emergency duty at all times; that he was paid a monthly salary and expenses for board and lodging; that his domicile was in Oelwein, Iowa; that the night in question he was driving to Savannah to spend the week end with his wife and daughter who had come from Oelwein for a visit and to bring his laundry; that he was required to leave a "tie-up order" before going to Savannah so defendant could reach him; that he was provided with a truck owned by defendant in which he carried defendant's tools; and that there was no rule against his carrying fellow employees as passengers.

■ Plaintiff, in support of its contention on this issue relies upon *Chambers v. Kennedy,* 274 S. W. 726 (Mo. S. Ct.) and *Byrnes v. Poplar Bluff Printing Co.,* 74 S.W.2d 20 (Mo. S. Ct.). The parties concede that

the law of Missouri controls the substance of this case. Since Coble was subject to call at all hours and needed the truck when called, the only reasonable inference is that he was directed to use the car in his travel and was in furtherance of defendant's business. In *Byrnes v. Poplar Bluff Printing Co.*, the court sustained the trial court's denial of defendant's motion to take the case from the jury on the ground that the occurrence was outside the servant's scope of employment. The court thought it a fair inference that defendant derived a benefit from the employee's use of the company automobile to drive to and from home, and this was at least implied in the work contract.

Both of these cases rely upon *Davis v. Jeffords-Schoenmann Produce & Brokerage Co.*, 261 S. W. 401 (Tex. Civ. App.). There the servant under the work agreement had control of the employer's truck twenty-four hours a day so that he could "better prosecute and further his master's business." The court said that accordingly, when driving to lunch, the errand was not so exclusively the servant's purpose as to break the master-servant relationship.

It appears that the later Missouri cases cited by defendant limit the exclusive interest rule and adopt the less rigorous rule of *Marks' Dependents v. Gray*, 251 N. Y. 90, 167 N. E. 181. In that case JUDGE CARDOZO stated:

". . . if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon the failure of the private purpose, though the business errand was undone, the travel is then personal and personal the risk."

That rule is followed in *McMain v. J. J. Connor & Sons Const. Co.*, 337 Mo. 40, 85 S.W.2d 43 and *Klotsch v. P. F. Collier & Son Corporation*, 349 Mo. 40, 159 S.W.2d 589. It is not enough that the benefit to the

employer from the journey be incidental if the main purpose is the employee's own, *Wines v. Goodyear Tire & Rubber Co.,* 246 S.W.2d 525 (Mo. Ct. of Appeals), or that there be an indirect benefit in a deviation from employment, such as nourishment for a driver, common to all general employment. *Stone v. Reed,* 247 S.W.2d 325 (Mo. Ct. of Appeals). Also, generally an employee going to and from work is not considered in the course of his employment, but if the right to transportation or reimbursement of expense of transportation is given the employee by the work contract, he is in the course of his employment when going to and from work, though a trip home for a visit to one's family, unrelated to one's work, before the work is completed, takes one out of the course of his employment. *Garbo v. P. M. Bruner Granitoid Co.,* 249 S.W.2d 477 (Mo. Ct. of Appeals).

The instant case, we think, comes within the converse of the rule of *Marks v. Gray.* So far as the record shows, there was no place other than Savannah where Coble should, could or might have found lodging and, consequently, no basis upon which the jury could determine that the trip to Savannah would not have been made had his wife and daughter not been there. That deficiency in the record too leaves no room for an inference that the trip was an unreasonable deviation. This is not a going to or from work case, since Coble was subject to call to work at all times wherever he was. The truck was defendant's, carried defendant's tools and was necessarily driven wheresoever Coble was to stay. This is not a comparative benefit case, since potentially there was a constant benefit to defendant in Coble's constant availability on call of defendant and it was virtually essential that he have the truck and tools no matter where he was. On the evidence we have referred to, he was in the course of his employment as a matter of law.

243

Defendant argues here that the trial court correctly refused to instruct the jury in plaintiff's favor on the question of course of employment even if this court should decide defendant was not entitled to a directed verdict in its favor. It assigns as cross-error in support of the verdict that the court should have directed the jury in its favor because it was not liable as a matter of law under the doctrine of *respondeat superior*.

We have already discussed the special interrogatory given on the question of scope of employment. In that discussion we have disposed of the arguments and commented on the cases defendant has presented in its brief in support of its contention that the interrogatory was properly submitted to the jury.

■■ In its argument under the cross-error defendant, for the first time, contends that Coble's employment did not include the transportation of passengers; consequently he had no authority to invite plaintiff and the others to ride with him, and therefore, the court should have directed a not guilty verdict for defendant. The testimony favorable to plaintiff and the legal inferences drawable therefrom, furnish the means for testing this question. We think the following facts and inferences are justified: Coble frequently drove plaintiff and other fellow employees in defendant's truck, sometimes after work hours, perhaps toward union meetings. Because of Coble's superior position as assistant foreman of motor car repairs, and the frequency of these trips, defendant knew or should have known of them, and since there was no rule prohibiting the trips and no notice to stop them, defendant approved them and thus gave authority to Coble to invite and transport plaintiff and the others. This evidence, under the rule in *Roth v. J. N. Roth &*

*Co.,* 363 Mo. 767, 253 S.W.2d 802 (S. Ct. of Mo.), would be sufficient to take the case to the jury, and accordingly we see no merit in the cross-error assigned.

In aid of a new trial we should say that if defendant relied upon the unauthorized transportation of passengers factor, the interrogatory it tendered and which was submitted would be improper. The interrogatory should call for answer upon an ultimate issue of fact such as would control the general verdict. Under the facts in this case, answering the question whether Coble was in the course of his employment would not suffice unless it were clearly understood by the jury that the question of Coble's authority to invite fellow employees was included in the term "course of employment." There would be less danger of the jury being misled if the interrogatory was specific as to Coble's authority to transport fellow employees as passengers.

We think too we should comment on other matters. Complaint is made that the trial court, in instructing the jury and in the special interrogatory, used the word "accident" in the popular and legal sense indiscriminately and erroneously submitted an interrogatory containing the term "mere accident." Attorneys for both sides used the word in both senses from the *voir dire* throughout the trial. Also, plaintiff's instructions use the terms "at the time of the accident," "at the time and place of the accident," "the proximate cause of the accident" and "proximately caused the accident." In the instant case it was not error to give the instruction and we see no error in the use of the term in the interrogatory. *Paulissen v. Jonas,* 311 Ill. App. 346.

The principle underlying decisions considering the instruction is the requirement of some evidence

245

of accident without fault. If there is evidence to support the instruction, it is properly given; if not, it is improperly given. *Bentkowski v. Bryan,* 299 Ill. App. 217, 222; *Elliott v. Congress Hotel, Inc.,* 314 Ill. App. 287. The statement relied on in *Cohen v. Weinstein,* 231 Ill. App. 84, rests on authority of *West Chicago St. Ry. Co. v. Petters,* 196 Ill. 298. There the wording of the instruction was somewhat different and there was no evidence that the plaintiff was injured by any other cause than defendant's negligence.

 Missouri and Illinois cases, such as *Harke v. Haase,* 335 Mo. 1104, 75 S.W.2d 1001, and *Masten v. Cousins,* 216 Ill. App. 268, concerned with theories of *res ipsa loquitur,* are not helpful. In such cases the giving of the instruction would be an obvious error. There was no *res ipsa loquitur* theory at the trial. The testimony was of specific conduct which plaintiff claims was negligent.

 With respect to the instruction which defined "Act of God," we think that the definition is substantially that approved by Illinois courts. The instruction was warranted. There is evidence by Keun that when the truck wheels went off the road Coble had slumped over the steering wheel with his right hand on the steering wheel, his left hand hanging at his side and his head bent forward to a position "almost on a level with the upper part of his chest." There is testimony that the truck was out of Coble's control and that Coble appeared to have had a stroke or attack, or was reaching slowly for something. It was for the jury to determine from the facts he observed and stated whether Coble had an attack of illness. Our interpretation of the Illinois decisions is that the illness which caused the position described by Keun, was legally an Act of God, since it was beyond

the power of human agency to prevent. *Wald v. Pittsburg, C., C. & St. L. R. Co.,* 162 Ill. 545. See 1 C. J. S., Act of God, p. 1427.

The defense of Act of God is an affirmative defense and, strictly speaking, "must" have been plainly set forth. § 43(4), C. P. A. [Ill. Rev. Stats. 1953, ch. 110, § 167, subd. (4); Jones Ill. Stats. Ann. 104.043, subd. (4)]. Plaintiff, however, did not object, when Keun gave the testimony that the affirmative defense had not been raised. Had objection been made, it is likely defendant would have amended its answer. Moreover, plaintiff's attorney argued the issue to the jury as though there was testimony and as though it was competent.

We shall not comment fully upon the contention that plaintiff was prejudiced by misconduct of defendant's attorney in argument. It is enough to say that the trial was not helped by references to attorneys' offices in other cities, nor to the receipt by plaintiff of "retirement benefits." Attorney for defendant should not have, by pointing a finger in argument, indicated to the jury that police officers, not witnesses, had given written statements favorable to defendant. These incidents should not take place in a new trial.

For the reasons given, the judgment is reversed and cause remanded.

*Judgment reversed and cause remanded.*

FEINBERG, P. J. and LEWE, J., concur.