■ MARY M. DREW, Appellant, v. TROY FIFTH AVENUE BUS Co., INC., Respondent.— Appeal from a judgment of the County Court of Rensselaer County which granted the defendant's motion for a nonsuit and dismissed the complaint at the close of the plaintiff's case. The plaintiff-appellant was seated next to an open window on a bus owned by the defendant-respondent on July 16, 1956 when she was struck on the breast by a peach thrown through the window by an unidentified boy. She testified that the respondent's general manager told her the day after the accident that screens would have to be put on the busses. A deposition of this manager was introduced which was to the effect that he had had occasion prior to July 16, 1958 to report to the police that teenagers had thrown objects at busses. However, he stated he had not done this once in the past year and that the only thing he was aware of that children had thrown, were snowballs. One Frances Martin testified that on August 16, 1953 while riding on one of respondent's busses she was struck by tar and stones thrown through the windows of the bus by a group of boys. The rule stated in Duner v. Hudson & Manhattan R. R. Co. (264 App. Div. 229, 230) as applying to assaults on passengers, would appear to be applicable here: " While a railroad company is bound to exercise vigilance in maintaining order and guarding its passengers against violence, it is not liable for injuries suffered by a passenger arising out of sudden, unanticipated assaults committed by persons not in the employ of the carrier. (Putman v. Broadway and Seventh Ave. R. R. Co., 66 N. Y. 108; Carroll v. Murray, 276 id. 589; Craig v. N. Y. Central R. R. Co., 272 id. 610; Giovagnoni v. Murray, 263 App. Div. 713; Thomson v. Manhattan R. Co., 75 Hun 548.) " A jury could not infer from the evidence introduced by appellant that the respondent should have, with reasonable foresight, anticipated the occurrence which caused her injury. It is common knowledge that children throw snowballs at busses in the wintertime but the respondent could not from such occurrences be held to anticipate the

throwing of a peach in July. Further it could not be inferred from the one isolated incident which occurred three years prior to the appellant's injury that the respondent should have anticipated a danger to the appellant. The appellant asserts that her injury could have been prevented if the respondent had screened its bus windows or required that such windows be kept closed. Of course, if the respondent could not reasonably anticipate the danger to the appellant it was under no duty to take preventive action. Regardless of this the appellant introduced no testimony indicating the reasonableness of such action or that it could have been done without great difficulty. Order unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.