RUSSELL NILSSON, Plaintiff-Appellant, *v.* CHECKER TAXI COMPANY, INC., Defendant-Appellee.

(No. 54364;

First District—March 14, 1972.

*Rehearing denied April 20, 1972.*

Fishman & Fishman, of Chicago, (Ronald S. Fishman, of counsel,) for appellant.

Jesmer & Harris, of Chicago, (Julius Jesmer and Ronald Jay Gold, of counsel,) for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from a judgment entered in a personal injury suit. Plaintiff Russell Nilsson sued defendant Checker Taxi Company for damages. The court, without a jury, heard evidence and made findings in favor of the defendant. The issue is whether these findings are contrary to the manifest weight of the evidence.

Milwaukee Avenue in Chicago is a street that runs northwest and southeast. Sacramento intersects Milwaukee and runs north and south. On January 11, 1963, at about 4:00 A.M., plaintiff, then 18, was a passenger in one of defendant's taxicabs which was being driven northwesterly on Milwaukee by its employee, Richard Dean, Jr. At the intersection of Milwaukee and Sacramento, the taxicab collided with an automobile driven by Leon O'Quinn. Plaintiff was injured. Dean called his employer and reported the accident. James Rochon, a safety supervisor, came to the scene. Between the call and Rochon's arrival, Dean, who had some accident memo forms furnished by defendant, asked plaintiff to sign one for him. Plaintiff, in his handwritting, wrote: "Cab driver was not at fault other car was at wrong [sic]."

Sometime after Rochon arrived, Thomas P. Cappello, a Chicago police officer, came to the scene to investigate the accident. Plaintiff was taken to a hospital for emergency treatment. A short time later, by his father as "next friend", he filed a complaint in which he named the Checker Taxi Company, Richard Dean and Leon O'Quinn as defendants. On March 18, 1969 the cause was called for trial. Plaintiff filed an amended complaint in which he dismissed Dean and O'Quinn as defendants and proceeded only against the Checker Taxi Company.

In the trial, after plaintiff had testified, he called O'Quinn as a witness. As to the accident of January 11, 1963, plaintiff and O'Quinn testified that the taxicab driven by Dean skidded at or near the intersection of Milwaukee and Sacramento and ran into the O'Quinn vehicle. Defendant called as its witnesses Dean, Rochon and Cappello. Dean testified that he drove the taxicab to the intersection of Milwaukee and Sacramento and stopped; that O'Quinn ran his vehicle into the cab, causing the accident. Although denied by O'Quinn and the other witnesses, Dean further testified that after the collision, O'Quinn drove from the scene of the accident; and that he, Dean, chased O'Quinn and stopped him a distance away. Rochon testified that at the scene of the accident, plaintiff told him and later signed a statement which said that "[t]he taxi was

standing still in the second lane from the east curb. The 1955 Mercury came along the right side of the taxi and hit the taxi I was in the right front door with his left front bumper [sic]." Officer Cappello testified that when he arrived at the scene he questioned the drivers of the two vehicles and they gave him conflicting versions of the accident. He questioned plaintiff who told him that the "[t]axicab pulled to the stop-light and stopped. A 1956 Mercury came up to the right side of the cab and struck the right front door. It looked like the other car was trying to leave the scene of an accident." Cappello said that when he asked plaintiff whether the taxicab was in motion at the time of the accident, "[h]e told me the cab was standing still." After hearing the witnesses and receiving in evidence exhibits which included photographs of the two vehicles at the scene of the accident and documents which contained statements made by plaintiff at the time, the trial court ruled:

"I am finding in favor of the defendant and I am doing so solely on the basis of the failure of the proof produced by the plaintiff to satisfy the burden of proof.

I have struggled to try to make up my own mind as to which one of these versions is true, probably true, and which one is probably not true. And I cannot do so and I interpret that as a burden of proof problem. There were just too many uncertainties and inconsistencies upon which to base a finding for the plaintiff and a judgment for the plaintiff.

If I were a jury, this would be a hung jury. A hung jury."

Plaintiff contends that this decision was erroneous because the evidence, when viewed most favorably to defendant, weighed so over-whelmingly in plaintiff's favor that the court's decision should have been for him. He contends that after he proved he was a passenger in defendant's taxicab, one involved in an accident, the burden shifted to defendant to show it was not negligent since, as a common carrier, it had the obligation "[t]o do all that human care, vigilance and foresight can reasonably do consistent with the mode of conveyance and the practical operation of the road, to convey its passengers to their destination in safety."

■■ It is true that consistent with the mode of conveyance and its practical operation, defendant taxi company owed plaintiff the duty to use the highest degree of care in transporting him to his destination. (*Holderness v. Checker Taxi Company,* 105 Ill.App.2d 251, 254, 245 N.E.2d 32.) It has been said that the happening of an accident during the course of transporting a passenger raises a presumption that the carrier has been negligent. The burden of rebutting this presumption

rests on the carrier. (*New York, C. & St. L. R. Co. v. Blumenthal*, 160 Ill. 40, 48, 43 N.E. 809.) However, this presumption is subject to the requirement that injury to the passenger be caused by an apparatus wholly under the control of the carrier or furnished and supplied by it. (*Tolman v. Weiboldt Stores, Inc.*, 38 Ill.2d 519, 523, 233 N.E.2d 33.) Therefore, not every accident to a passenger during his transportation raises a presumption that the carrier was negligent. A carrier is liable to its passenger only for injuries which are caused by its negligence; it is not liable for injuries which result from a cause beyond its control. (*Baltes v. Checker Taxi Company*, 27 Ill.App.2d 298, 169 N.E.2d 596.) Hence, the mere fact that there is an accident which injures a passenger does not authorize a presumption that the carrier was negligent. See *Malone v. Chicago Transit Authority*, 76 Ill.App.2d 451, 454—455, 222 N.E.2d 93.

In the case before us, the evidence proved that while transporting plaintiff, its passenger, defendant's taxicab was involved in a collision with O'Quinn's automobile. Thus, it was established that plaintiff was injured in an accident involving two vehicles, one controlled by a person other than defendant. Therefore, plaintiff's injuries were not caused by an apparatus wholly under defendant's control. (Compare *G. & C. U. R.R. Co. v. Yarwood*, 15 Ill. 468, 471; *New York, C. & St. L. R. Co. v. Blumenthal, supra; Tolman v. Wieboldt Stores, Inc., supra*.) Under these circumstances, defendant would be liable to plaintiff only if it were negligent. On this issue, the burden of proof was on the plaintiff. (*Brackensick v. Chicago Motor Coach Co.*, 4 Ill.App.2d 84, 123 N.E.2d 350; *Baltes v. Checker Taxi Company, supra*.) The trial judge found that plaintiff did not sustain this burden. Nor, in our opinion, has plaintiff shown that the judgment entered in the trial court is manifestly against the weight of the evidence. (*Louis v. Checker Taxi Co.*, 318 Ill.App. 71, 47 N.E.2d 351.) It is affirmed.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.