Frank Morris, Plaintiff-Appellant, *v.* Chicago Transit Authority, Defendant-Appellee.

(No. 60098; )

First District (4th Division)—April 23, 1975.

Peter J. Valentino and Lawrence L. Kotin, of Chicago (J. Scott Bonner, of counsel), for appellant.

Francis J. Mullen, John J. O'Toole, and Michael Gerrard, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County directing a verdict in favor of the defendant.

The only issue presented on appeal is whether the trial court properly granted defendant's motion for directed verdict.

On October 6, 1969, the plaintiff, Frank Morris, was a passenger on a Chicago Transit Authority bus traveling west along 47th Street in Chi-

cago. At approximately 12:30 P.M., about one block west of the intersection of 47th and Halsted Streets, an unknown person threw a rock at the bus window adjacent to plaintiff's seat. The rock shattered the window and particles of glass lodged in plaintiff's right eye. As a result, plaintiff lost the sight of his eye.

The plaintiff subsequently instituted suit against the defendant, contending:

(1) the bus route between 47th and Union Streets and 47th and Halsted Streets, in the vicinity of Tilden High School, was in a dangerous condition at the time plaintiff was injured;

(2) the defendant, in the exercise of its high duty of care as a common carrier, knew, or should have known and anticipated the danger;

(3) the defendant failed to exercise high care by failing to take all reasonable steps to protect plaintiff and avoid injury to him; and

(4) the CTA, through its bus driver, failed to exercise high care towards plaintiff by failing to take all reasonable steps to warn plaintiff of imminent danger to the safety of his person, and avoid injury to him, once the danger was known to the bus driver.

At trial, plaintiff introduced evidence concerning disturbances at Tilden High School on Friday, October 3, and Monday, October 6, 1969, and at the International Amphitheater on October 4, 1969. Tilden High School is located approximately three blocks from where plaintiff's injury occurred and the Amphitheater is approximately one-half mile north of 47th Street on Halsted. Plaintiff called as witnesses an official of the high school and a police officer who testified regarding the altercations. Defendant offered testimony showing the police were not rerouting traffic on 47th Street on the day of the incident. Lawrence McColler, the bus driver, testified that as he crossed Halsted Street, traveling west on 47th Street, he saw a group of teenagers standing near the street. As he proceeded westward, he saw some of the youths holding bricks and rocks. McColler stated the children began throwing objects after the front of the bus passed them.

At the close of all the evidence the defendant moved for a directed verdict. The trial court granted defendant's motion on November 14, 1973, and plaintiff appeals therefrom.

Plaintiff first contends the evidence established that defendant knew, or should have known and anticipated, of the dangerous condition in the immediate vicinity of Tilden High School.

■■ We do not agree with the plaintiff's contention. Plaintiff offered

no testimony at trial showing that the CTA or its employees had any direct or indirect knowledge of the disturbances around Tilden High School, or that the disturbances presented an unreasonable danger to traffic on 47th Street. The only information given to the defendant by the officials at Tilden High School on Monday, October 6, was that school would be dismissed early; school officials did not state the reason for the early dismissal. Further, the Chicago Police Department was aware of the disturbances, had assigned policemen to patrol the area near 47th and Halsted Streets, and did not reroute traffic on 47th Street. Under Illinois law, liability for injury to a passenger resulting from a missile hurled into the common carrier's vehicle by a third person exists only where the incident could have been reasonably foreseen and avoided by the carrier. (*Sue v. Chicago Transit Authority* (7th Cir. 1960), 279 F.2d 416.) The evidence presented in the instant case fails to establish that the defendant had any notice of danger to its passengers.

The plaintiff further contends the driver of the bus failed to exercise a high degree of care in that he did not warn the passengers of the dangerous condition.

■■ Plaintiff's contention is without merit. It has long been the settled law of Illinois that a common carrier owes its passengers the highest degree of care consistent with the practical operation of its vehicles, but it cannot be an absolute insurer of the safety of its passengers. (*Kerby v. Chicago Motor Coach Co.* (1960), 28 Ill.App.2d 259.) The defendant's bus driver testified the rock throwing did not begin until after the front of the bus passed the teenagers. The driver, when the throwing began, was forced to make an emergency judgment. Under such circumstances, he cannot be held to the duty of telling the passengers to lie on the floor of the bus to avoid injury. The incident in question took the driver by complete surprise, and he acted in a manner not unreasonable considering the situation.

For the reasons stated herein, we believe the trial court properly granted defendant's motion for directed verdict. Accordingly, the order of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.