■ KIM DANIELS, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant. [689 NYS2d 463] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered November 10, 1997, which denied defendant Authority's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

On October 31, 1994, plaintiff was departing a bus owned by defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) when she was struck in the left eye by a hard-boiled egg thrown through an open bus window by a masked Halloween miscreant. She commenced the instant action for personal injuries, alleging in her bill of particulars that MABSTOA was negligent in failing to warn the passengers of the foreseeable risk of eggs being thrown through open bus windows on Halloween, in failing to advise the passengers to keep the bus windows closed and in allowing the bus windows to remain open on Halloween.

MABSTOA moved for summary judgment, arguing that as a public authority performing a governmental function, it is immune from negligence liability arising out of criminal acts of third parties in the absence of a special relationship between it and the injured plaintiff, and no such relationship existed here. MABSTOA further asserted that proximate cause was lacking as a matter of law. The IAS Court ruled that a triable issue of fact existed with respect to foreseeability which precluded summary judgment.

MABSTOA's motion for summary judgment should have been granted since, under the instant circumstances, it had no duty to protect plaintiff from the unanticipated riotous acts of third persons emanating from outside the bus. Although we agree with plaintiff that the specific acts or omissions which allegedly resulted in her injuries arose out of MABSTOA's proprietary function, rather than its governmental function (*see, Nola v New York City Tr. Auth.*, 115 AD2d 461; *Rubino v City of New York*, 114 AD2d 243; *see generally, Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175; *compare, Rawlins v Manhattan & Bronx Surface Tr. Operating Auth.*, 232 AD2d 340), such conclusion merely deprives MABSTOA of its governmental immunity defense. A public carrier "may not escape liability for negligent acts which it performs in a proprietary capacity and which are a proximate cause of an injury which was sustained as the result of a foreseeable attack by a third party [citation omitted]." (*Nola v New York City Tr. Auth., supra*, at 462; *see also, Miller v State of New York*, 62 NY2d 506, 513; Annotation, *Liability of Land Carrier to Passenger Who Becomes Victim of Third Party's Assault on or About Carrier's Vehicle or Premises*, 34 ALR4th 1054, 1076-1080, § 7b] [citing cases holding carrier not liable for injuries to passenger where third person's conduct of throwing object at or through window was not reasonably foreseeable].)

Completely absent from this case, however, is the element of foreseeability. There is not a shred of evidence in the record showing that there had been any prior egg-throwing incidents directed at MABSTOA buses on Halloween, or any similar incidents involving objects being hurled at vehicles in general (*cf., Rubino v City of New York, supra*; *Jacqueline S. v City of New York*, 81 NY2d 288, 294). Likewise, there is no evidence that the defendant's driver knew or should have known that such an occurrence was imminent. Since MABSTOA was unaware of any foreseeable risk of danger to its passengers, a duty to warn them or to take other preventive measures never arose (*Drew v Troy Fifth Ave. Bus Co.*, 9 AD2d 587, 587-588;

*see also, Morris v Chicago Tr. Auth.*, 28 Ill App 3d 183, 328 NE2d 208; *Melicharek v Hill Bus Co.*, 37 NJ 549, 182 A2d 557). Plaintiff's assumption that an egg-throwing attack directed at a MABSTOA bus on Halloween is so common as to always be foreseeable is without merit. Concur—Williams, J. P., Wallach, Tom and Mazzarelli, JJ.