GRACE GAINES, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (3rd Division)   No. 1—03—0447

Opinion filed February 4, 2004.

Chanon Williams, of Chicago, for appellant.

Robert S. Rivkin, of Chicago Transit Authority, of Chicago (Thomas J. Bamonte, Ellen L. Partridge, and Stephen L. Wood, of counsel), for appellee.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Grace Gaines, filed a negligence action against defendant, Chicago Transit Authority (CTA), to recover damages in the amount of $30,000 for personal injuries sustained when she suffered a fall while a passenger on one of its buses. The trial court granted summary judgment in favor of the CTA, and plaintiff has appealed, contending that the trial court erred in ruling as a matter of law that the CTA did not owe a duty of care to plaintiff and that the trial court based its decision on an erroneous standard of care.

The complaint alleged that the CTA, as a common carrier, owed a duty to exercise the highest practicable degree of care to its passengers, and that it was guilty of one or more of the following negligent acts or omissions: (1) operated its vehicle in a careless, reckless, and negligent manner; (2) negligently operated its vehicle at a speed greater than that allowed by statute or ordinance and greater than reasonable and proper under the circumstances; (3) negligently, carelessly and recklessly disregarded traffic signals; and (4) failed to maintain and exercise reasonable care to discover and prevent danger and injury to its passengers. The complaint further alleged that "as a direct and proximate result of the careless and negligent conduct of defendant as above set forth, plaintiff[,] while walking down the aisle of the carrier[,] was injured."

Plaintiff gave a discovery deposition in which she testified as follows: on October 11, 2000, she boarded a southbound bus on 55th and Cottage Grove Avenue in Chicago at approximately 4:30 p.m. She was the last passenger to board at that stop and entered behind several students who were carrying book bags. The students were standing in the front of the bus, which was crowded at the time. After paying her fare, plaintiff walked to the rear of the bus with the intent to sit near

the rear exit because she would be getting off at a nearby stop. According to plaintiff's deposition testimony, as she walked down the aisle, the bus lurched forward and because of a book bag on the floor that she did not see, she tripped and was thrown towards the back of the bus. She testified that as she walked down the aisle, she was trying to keep one student's book bag from hitting her in the face while holding onto a handrail with her other hand, and that she was not expecting anything to be on the floor. She let go of the handrail for a second and that's when the bus "must have launched [lurched]," causing her to trip over the student's book bag. Other passengers helped her to a seat, and plaintiff sat down for a short time before exiting the bus. She never motioned for the bus driver to stop the bus, nor did she alert the driver that she had fallen. Plaintiff continued to her destination although she was in some pain. However, she did not seek medical attention for her injury until two days later. The day after her accident, plaintiff notified the CTA that she had been injured on one of its buses.

The cause proceeded to mandatory arbitration, and an award was entered in favor of plaintiff and against the CTA for $13,800 plus costs. CTA rejected the award, and the cause was subsequently scheduled for trial.

The CTA filed a motion for summary judgment, contending that it did not owe plaintiff a duty of care regarding the book bag, which was under the control of a third party. The CTA contended that there was no evidence indicating that its driver knew of the obstruction placed in the aisle by a third party or that a substantial length of time had passed to imply such notice. The CTA further contended that in the absence of proof of knowledge or implied knowledge, plaintiff could only seek recovery from an injury proximately caused by an obstruction placed in the aisle by a third party if she could produce some evidence of negligent operation of the vehicle, citing *Heineke v. Chicago Rys. Co.*, 279 Ill. 210, 213 (1917), but she offered no evidence that the bus was driven in a negligent manner. The trial court denied the CTA's motion for summary judgment and again set the matter for trial. There is no report of proceedings or bystander's report included in the record from that date, although the trial court's written order indicates that argument was heard on that motion.

The CTA subsequently filed an emergency motion for reconsideration of the denial of its motion for summary judgment,[1] contending that plaintiff's deposition testimony that the bus "must have launched

---

[1]CTA's emergency motion is not contained in the record; however, a copy of the motion was included as part of the plaintiff's appendix.

[lurched]'" was insufficient as a matter of law to create a genuine issue of material fact as to its negligence. The trial court granted the CTA's emergency motion for reconsideration and dismissed plaintiff's case with prejudice.[2]

On appeal, plaintiff contends that the trial court erred by ruling, as a matter of law, that defendant did not owe her a duty of care and that the CTA's motion for reconsideration was based upon an erroneous standard of care.

■ A reviewing court conducts a *de novo* review of the evidence in a summary judgment case. *Atlantic Mutual Insurance Co. v. American Academy of Orthopaedic Surgeons*, 315 Ill. App. 3d 552, 559 (2000). The reviewing court must construe all evidence strictly against the movant and liberally in favor of the nonmoving party. *Atlantic Mutual*, 315 Ill. App. 3d at 559. Where the pleadings, depositions and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be granted. *First of America Trust Co. v. First Illini Bancorp.*, 289 Ill. App. 3d 276, 283 (1997). If reasonable persons could draw different inferences from the undisputed facts, summary judgment should be denied. *Atlantic Mutual*, 315 Ill. App. 3d at 559.

■ To sustain a cause of action for negligence, a plaintiff must establish the existence of a duty owed by defendant to plaintiff, a breach of that duty, and an injury to plaintiff proximately caused by the breach. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 228 (2000).

■ Here, plaintiff was a passenger on one of the CTA's busses, which it operates in its role as a common carrier. It has long been the law of Illinois that a common carrier owes its passengers the highest degree of care consistent with the practical operation of its vehicles, but it cannot be an absolute insurer of the safety of its passengers. *Morris v. Chicago Transit Authority*, 28 Ill. App. 3d 183, 185 (1975). A carrier is liable to its passenger only for injuries that are caused by its negligence; it is not liable for injuries that result from a cause beyond its control. *Nilsson v. Checker Taxi Co.*, 4 Ill. App. 3d 718, 722 (1972). Hence, the mere fact that there is an accident which injures a passenger does not warrant a presumption that the carrier was negligent. *Nilsson*, 4 Ill. App. 3d at 722.

■ In the case at bar, we find that plaintiff presented no evidence of CTA's negligence in the operation of its vehicle. In her deposition, plaintiff testified that as she walked down the aisle towards the rear of

---

[2]The record contains no report of proceedings or bystander's report from this hearing either.

the bus, she was trying to avoid being hit in the face by a student's book bag while holding onto the handrail with her other hand and was not looking at the floor. She also stated that she let go of the handrail briefly and that the bus "must have" lurched, causing her to trip over the book bag that was on the floor. Plaintiff's testimony clearly establishes that her injury arose from the unseen book bag on the floor, which was placed there by a third party, and not from the actions of the CTA driver. Plaintiff has neither alleged nor proven that the driver knew or should have known that the book bag was on the floor. The CTA's high duty of care as a common carrier applies to the operation of its vehicle but not to the actions of third parties. See *Morris*, 28 Ill. App. 3d at 185. We find that the evidence is insufficient to raise an issue of material fact as to CTA's negligence in the operation of its bus. Based upon these undisputed facts, we find that the circuit court properly granted CTA's motion for summary judgment.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HALL and KARNEZIS, JJ., concur.