HEALTHCHICAGO, INC., Plaintiff-Appellant, v. TOUCHE, ROSS AND COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 1—91—0331

Opinion filed August 18, 1993.

Beigel & Sandler, of Chicago (Herbert Beigel and Philip Fertik, of counsel), for appellant.

Bell, Boyd & Lloyd, of Chicago (Francis J. Higgins and John J. Verscaj, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Plaintiff, HealthChicago, Inc., a health-maintenance organization, filed this action for damages on September 25, 1989, asserting against its former auditor, defendant, Touche, Ross & Co., claims in tort for professional malpractice and breach of contract. In its original complaint, plaintiff alleged that defendant failed to inform it of the need for changes in its pricing structure and levels of claims reserves and that such failure cost plaintiff approximately $25 million. On December 15, 1989, defendant moved to dismiss both the contract and tort counts of the complaint. By order dated April 27, 1990, the trial court dismissed the tort count of the original complaint. Later, the contract count was dismissed, with leave to amend. On November 26, 1990, plaintiff filed an amended complaint which restated the tort claim. Defendant then moved pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615 (now codified as 735 ILCS 5/2—615 (West 1992))) to dismiss the amended complaint. On January 8, 1991, the trial court dismissed the contract count with leave to amend and dismissed the tort count with prejudice. It is from the dismissal of the amended complaint's tort count that plaintiff appeals to this court pursuant to Supreme Court Rule 301. 134 Ill. 2d R. 301.

Subsequent to the filing of the notice of appeal on January 18, 1991, plaintiff did not seek a stay of or voluntary dismiss the contract count still pending in the circuit court. On March 24, 1993, the trial court granted defendant summary judgment on the con-

tract count. No appeal was ever taken from the judgment order entered on that date. Thus, defendant now argues that the order disposed of all matters remaining in the circuit court and is now final and *res judicata.* Defendant further asserts that as plaintiff failed to appeal from the order of March 24, 1993, the appeal is now moot as issues involved in this appeal no longer exist. We agree and dismiss plaintiff's appeal.

It is a well-recognized principle of law that a reviewing court will decide only actual controversies in which the interests or rights of the parties to the litigation can be granted effectual relief. (*Dixon v. Chicago & North Western Transportation Co.* (1992), 151 Ill. 2d 108, 601 N.E.2d 704.) An appeal becomes moot when a court can no longer effect the relief originally sought by an appellant or when the substantial question involved in the trial court no longer exists. (*Malone v. Chicago Transit Authority* (1966), 76 Ill. App. 2d 451, 222 N.E.2d 93.) When a case is rendered moot, a court's decision on the merits cannot afford either party relief and any decision thus reached is merely an advisory opinion. (*In re Marriage of Landfield* (1987), 118 Ill. 2d 229, 514 N.E.2d 1005.) "Illinois courts do not issue advisory opinions and should not indulge in the practice of rendering opinions simply for the sake of creating precedents to govern future cases." *People v. Halasz* (1993), 244 Ill. App. 3d 284, 285-86, 614 N.E.2d 311.

In the case *sub judice,* no relief can be granted by this court as the substantial question between the parties was litigated to a final and now unappealable judgment in the circuit court. While plaintiff alleged two separate legal theories in its amended complaint, the case consists of a single core of operative facts flowing from an alleged breach of the written agreement between the parties. Thus, the core of operative facts in this case yields but one cause of action, irrespective of the number of theories pled. When defendant was found as a matter of law by the trial court to have fully complied with all of its contractual obligations to plaintiff it became legally and logically impossible for defendant to be held liable in tort for a misrepresentation regarding its competence to perform on the contract given the judgment that it fulfilled the same. Consequently, as the same facts and evidence are essential to the maintenance of both claims, there is then identity between them and the doctrine of *res judicata* necessarily takes effect. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278; see also *Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 473 N.E.2d 78.) Therefore, we find this case to be moot as no decision we might issue would af-

ford plaintiff any relief in light of the final judgment of the circuit court which rendered this action *res judicata*.

For all the above-stated reasons, we dismiss plaintiff's appeal.

Appeal dismissed.

RIZZI and CERDA, JJ., concur.