THIRD DIVISION
 September 30, 1996

No. 1-93-3814

CONCEPCION NOYOLA, et al., ) Appeal from the
 ) Circuit Court of
 Plaintiffs-Appellants, ) Cook County.
 )
 v. )
 )
THE BOARD OF EDUCATION OF )
THE CITY OF CHICAGO, et al., ) Honorable
 ) Albert Green,
 Defendants-Appellees. ) Judge Presiding.

 PRESIDING JUSTICE TULLY delivered the opinion of the court:
 Plaintiffs, Concepcion Noyola, et al., filed their second amended complaint in
this class action suit against defendants, the Board of Education of the City of
Chicago, School District 299, Richard Stephenson, interim superintendent, the
Chicago School Finance Authority, Martin Koldyke, chairman, the Illinois State
Board of Education and Richard Leininger, superintendent, alleging that defendants
violated the Federal and State constitutional guarantees of equal protection of law,
42 U.S.C.  1983 (1988) (hereinafter section 1983) and section 18-8 of the School Code
(105 ILCS  5/18-8 (West 1992)). This is the second time this case is before this
court. See Noyola v. Board of Education, 227 Ill. App. 3d 429 (1992). On remand, the
circuit court dismissed plaintiffs' complaint under sections 2-615 and 2-619 of the
Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 1992)). It is from the circuit
court's order of October 7, 1993, dismissing the action that plaintiffs now appeal to
this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const.
1970, art. VI,  6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).
 As a preliminary matter we address a procedural issue. The Chicago School
Finance Authority has filed with this court a motion to dismiss itself as a party to
this appeal which we have taken with the case. Sections 34A-401 through 34A-410
of the School Code (105 ILCS 5/34A-401-34A-410 (West 1994)), which are the only
sections of the School Code granting it any power to review or otherwise involve itself
in the budgets for Chicago public schools, have been suspended by the General
Assembly until July 1, 1999, pursuant to section 34A-411(c) of the School Code
(S.H.A. 105 ILCS 5/34A-411 (West 1996)). "It is a well-recognized principle of law
that a reviewing court will decide only actual controversies in which the interests or
rights of the parties to the litigation can be granted effectual relief. [Citation.] An
appeal becomes moot when a court can no longer effect the relief originally sought by
an appellant or when the substantial question involved in the trial court no longer
exists." HealthChicago, Inc. v. Touche, Ross & Co., 252 Ill. App. 3d 608, 610 (1993). 
In the case sub judice, the Chicago School Finance Authority has absolutely no power
with regard to the budgets for Chicago public schools. Consequently, we can grant
no effectual relief as between the Chicago School Finance Authority and plaintiffs
and, therefore, as to the Chicago School Finance Authority this appeal is moot. 
Accordingly, we grant the motion to dismiss the Chicago School Finance Authority
from this action. That said, we now turn to the substantive issues left between the
remaining parties.
 The pertinent facts are as follows: Section 18-8(i)(1) of the School Code provides
State funds for the dual purpose of improving educational opportunities for
economically disadvantaged children and attenuating the fiscal disparities of Illinois'
school funding scheme which relies heavily on real estate taxation. These State
monies are commonly known as "chapter 1" funds. The legislative scheme allocates
chapter 1 monies to public schools according to a weighing factor based on the
percentage of students eligible for free or reduced price lunches under the Federal
Child Nutrition Act of 1966 (42 U.S.C.  1771 et seq. (1988)) and the Federal National
School Lunch Act (42 U.S.C.  1751 et seq. (1988)). Thus, public schools with high
concentrations of low income students are entitled to significant amounts of chapter
1 funds.
 In order to make sure that these targeted funds ended up assisting low income
students the General Assembly mandated that chapter 1 funds could not be
compensated for or contravened by adjustments of the total of other funds
appropriated to a school. 105 ILCS 5-18(A)(5)(i)(1)(a) (West 1992). In other words,
a school district cannot dip into chapter 1 funds to cover general costs; the monies are
to be a purely supplemental grant to assist poor children with special supplemental
programs. See 105 ILCS 5/18-8(A)(5)(i)(1)(c) (West 1992). It is this legislative
mandate that plaintiffs allege defendants have violated.
 A 1988 study conducted by the Chicago Panel on Public School Policy and
Finance concluded that the Board of Education of the City of Chicago used the
majority of chapter 1 support, $166.3 million out of $238 million, to provide basic
programs to all Chicago schools, regardless of the proportion of enrolled qualifying
low income students. The study also concluded that a number of other misuses of
chapter 1 funds occurred in Chicago public schools. Plaintiffs contend that such
misuse of chapter 1 funds has been going on for well over a decade and continues
today. In December 1992, the Illinois State Board of Education promulgated
regulations dealing with chapter 1 funds which plaintiffs allege to be in violation of
sections 34A-401 through 34A-410 of the School Code (105 ILCS 5/34A-401-34A-410
(West 1994)). Accordingly, the second amended complaint also challenged these regulations.
 On remand from the previous appeal, the circuit court dismissed plaintiffs'
complaint holding that no private right of action can be implied under the chapter
1 statute and that plaintiffs' complaint was factually insufficient. The trial court also
ruled that plaintiffs' Federal and State equal protection claims were invalid. The
instant appeal followed.
 We note that the trial court's dismissal of this cause under sections 2-615 and
2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 1992)) is subject
to our de novo review. See Demos v. National Bank of Greece, 209 Ill. App. 3d 655
(1991); Owens v. Midwest Tank & Manufacturing Co., 192 Ill. App. 3d 1039 (1989). 
Accordingly, for our analysis here we take all facts pled by plaintiffs as true and view
them in a light most favorable to them. Demos, 209 Ill. App. 3d 655; Owens, 192 Ill.
App. 3d 1039. 
 Plaintiffs argue that the trial court erred in finding that the School Code
implies no private right of action with regard to chapter 1 funds. We agree. 
 Implication by statute of a private right of action is appropriate when: (1) a
plaintiff is a member of the class for whose benefit a piece of legislation was enacted;
(2) it is consistent with the underlying purpose of the legislation; (3) a plaintiff's
injury is one the legislation was designed to prevent; and (4) it is necessary to provide
an adequate remedy for violations of the legislation. Rodgers v. St. Mary's Hospital,
149 Ill. 2d 302, 308 (1992); Corgan v. Muehling, 143 Ill. 2d 296, 312-13 (1991); see
also Sawyer Realty Group, Inc. v. Jarvis Corporation, 89 Ill. 2d 379 (1982).
 With regard to the first part of the test, it is clear that in enacting sections
34A-401 through 34A-410 of the School Code (105 ILCS 5/34A-401-34A-410 (West
1994)) that the General Assembly intended to benefit economically disadvantaged
children attending public schools. Therefore, plaintiffs, parents in their
representative capacity for their qualifying children, are surely the class of persons
for whose benefit the legislation was written.
 As for the second part of the test, we believe it has been met. The underlying
purpose of chapter 1 funding is to provide economically disadvantaged students with
an entitlement which supports supplemental educational programs for them. 
Chapter 1 monies have been allocated by the General Assembly to provide a more
equitable distribution of funds and to promote educational equal educational
opportunities through the financial support of educational programs designed to meet
their special needs. Thus, implying a cause of action is consistent with the
underlying purpose of the legislation.
 With respect to the third part of the test, it also has been met. There is no
doubt that chapter 1 funding was designed to prevent children from low income
families from being injured by the inherently unequal system of funding public
schools primarily through real estate taxation that is employed in Illinois. Without
chapter 1 and other additional Federal and State educational programs, funding of
public schools in inner city and rural areas, whose tax bases are not as great as more
affluent suburban communities, would be even more disparate than it already is. 
Thus, we find the legislation was designed to prevent the particular injury alleged to
have been suffered by plaintiffs.
 We find the fourth part of the test has been met. While it is true that the
School Code provides that, as a remedy, the Illinois State Board of Education can
reject a proposed budget by the Board of Education of the City of Chicago that
proffers a misuse of chapter 1 funds, the legislation does remedy a situation such as
is alleged in the case sub judice. Under the alleged facts, both the Board of
Education of the City of Chicago and the Illinois State Board of Education have and
continue to permit the misuse of chapter 1 funds. In this situation, where all the
State and local entities charged with implementing the General Assembly's mandate
have been alleged to have been derelict in doing so, a private right of action is both
necessary and proper to provide the school children with an adequate remedy. 
Therefore, we find, under these circumstances that a private right of action exists and
that plaintiffs are properly parties to this case and that the facts pled were sufficient. 
Accordingly, we reverse the circuit court on this point.
 Next, we address plaintiffs' contention that the remaining counts were
improperly dismissed. We disagree.
 Initially, we note, as the trial court held, that plaintiffs abandoned their
Administrative Review Act claim. "The law is well settled that, to preserve an issue
for appellate review, a party must make the appropriate objections in the trial court
or the issue will be deemed waived. *** The purpose of the requirement that a
specific objection be made is to allow the court an opportunity to properly consider
and rule upon it." Gausselin v. Commonwealth Edison Co., 260 Ill. App. 3d 1068,
1079 (1994). During the trial court's explanation of its reasoning for dismissing the
cause, the trial court held, without objection from plaintiffs, that they had abandoned
this claim. Consequently, plaintiffs have waived this argument and this claim.
 We briefly note that after a careful review of the record, we find plaintiffs'
section 1983 claims and attendant equal protection claims as well as the State
constitutional claim under section 1 of article I of the 1970 constitution to be both
factually and legally insufficient. Accordingly, we find no error on the dismissal of
these claims by the circuit court. Thus, only plaintiffs' implied cause of action under
sections 34A-401 through 34A-410 of the School Code (105 ILCS 5/34A-401-34A-410
(West 1994)) remains.
 In light of the foregoing, we affirm in part and reverse in part and remand this
cause for further proceedings not inconsistent with the views contained herein.
 Affirmed in part and reversed in part and remanded.
 CERDA and GREIMAN, JJ., concur.